IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 7, 2000 Session

# R. G. BURNETT v. JAMES RAY SWAFFORD AND RHONDA SWAFFORD

**An Appeal from the Chancery Court for Fentress County**
**No. 97-24    Billy Joe White, Chancellor**

---

**No. M1999-01648-COA-R3-CV - Filed April 17, 2001**

---

This appeal arises from an oral contract between a landlord and tenant. The plaintiff operated a grocery and leased a grocery store to the defendant for a period of ten years, pursuant to a written lease. The parties had a separate oral agreement in which the defendant agreed to buy the plaintiff's business. When the defendant vacated the property at the end of the lease, the parties disagreed as to whether the oral agreement included a purchase of the store equipment. The trial court found that the plaintiff had converted certain items belonging to the defendant, and entered a judgment in favor of the defendant for $5,000. We find that the trial court's decision is based on its determinations of credibility, and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Phillips M. Smalling, Byrdstown, Tennessee, for the appellant, R. G. Burnett.

Joe M. Looney, Crossville, Tennessee, for the appellees, James Ray Swafford and Rhonda Swafford.

**MEMORANDUM OPINION[1]**

Plaintiff Glenn Burnett ("Burnett") owned and operated a grocery business in Clarkrange, Tennessee. On March 1, 1987, he entered into a written lease agreement whereby he agreed to lease his store to James and Rhonda Swafford (the "Swaffords") for a period of five years, with the option

---

[1] Rule 10(b) of the Rules of the Court of Appeals of Tennessee states as follows:

> **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

of extending the lease for another five years. In 1992, the Swaffords extended the lease agreement for another five years. In 1996, the Swaffords began construction on a new grocery store and made plans to move out of the premises owned by Burnett. The last day that the Swaffords did business on the leasehold property was February 26, 1997. The lease expired on February 28, 1997.

In addition to the written lease, the parties entered into a separate oral agreement under which the Swaffords agreed to pay Burnett $125,000 at the outset of the lease. Burnett contends that the Swaffords orally agreed to buy only his inventory, not the equipment in the store. The Swaffords contend that the payment under the oral agreement was for the store equipment as well as the inventory. At the end of the lease, the Swaffords attempted to remove the equipment from the store, but Burnett prevented them from doing so. Burnett brought suit to recover damages for the loss of equipment that had already been removed and for damages to the property caused by the removal. The Swaffords answered and filed a counter-complaint alleging that Burnett had converted their equipment that remained in the store for his own commercial use.

A one-day bench trial was held on December 8, 1998. At the trial, the parties and their respective witnesses testified about the parties' course of dealing regarding the equipment, the maintenance, repair, and replacement of the equipment during the lease, and the value of the equipment at issue. In particular, the testimony reflected that, during the course of the lease, the Swaffords replaced some of the store equipment and, when they did so, returned the original equipment to the Burnetts.

At the conclusion of the trial, the trial judge made an oral ruling from the bench. The trial judge found that Burnett did not agree to sell the store equipment to the Swaffords, because the Swaffords' return of the equipment to Burnett as they replaced it was not consistent with them owning the equipment outright. The trial judge also found that the fact that the Swaffords purchased new equipment, without an agreement from Burnett that he would reimburse them, demonstrated that the Swaffords intended to buy the replacement equipment for themselves. Therefore, the trial court concluded that the Swaffords were entitled to have the replacement equipment returned to them, and awarded them damages for the equipment that Burnett had converted to his own use. The trial judge issued a writ of possession to the Swaffords for particular items. He held that Burnett had converted the remainder of the items. After weighing the testimony of the witnesses regarding the value of the equipment at issue, and setting off the value of the equipment belonging to the Swaffords against the value of the equipment owned by Burnett, the trial court held Burnett liable to the Swaffords for $5,000. From this decision, Burnett appeals.

In this appeal, Burnett argues that the evidence showed that the Swaffords were obligated to maintain the store's refrigeration equipment by the terms of the lease, and they did not do so; that Burnett was entitled to return of the premises in operational condition, and the language of the lease did not authorize the Swaffords' removal of the equipment they had replaced; and that the judgment against Burnett for $5,000 is not supported by the proof. The Swaffords maintain that the trial court's findings rest largely upon his determination of the credibility of the witnesses, and that those

findings should not be disturbed on appeal unless they are contrary to a preponderance of the evidence.

An appeal from a bench trial is reviewed *de novo* upon the record, with a presumption of correctness in the trial judge's findings of fact. *See* Tenn. R. App. P. 13(d).

In this case, the factual findings of the trial court hinge primarily on its determination of the credibility of the witnesses. When the trial court resolves a conflict in testimony in favor of one party over another, such a credibility determination is "binding on the appellate court unless from other real evidence the appellate court is compelled to conclude to the contrary." *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 683 (Tenn. Ct. App. 1999) (citation omitted). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *See In re Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

After reviewing the transcript of the evidence and the record as a whole, and according appropriate deference to the trial court's determinations of credibility, we find that the evidence does not preponderate against the trial court's conclusions regarding the terms of the parties' oral agreement regarding the equipment. Likewise, we find that the evidence does not preponderate against the trial court's findings regarding the value of the equipment at issue. Consequently, we affirm the trial court's award of damages to the Swaffords in the amount of $5,000.

The decision of the trial court is affirmed. The costs of this appeal are to be taxed to the Appellant, R.G. Burnett, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE